EDMONDSON, Chief Judge,
concurring:
I concur in the judgment. And I concur in the opinion; I believe it accurately presents the current law of the Circuit. I write separately to say that I question whether the law of this Circuit on Eighth Amendment claims of excessive force is correct.
Briefly stated, I am inclined to believe that the excessive-force tort created by the Eighth Amendment has an important objective element: The correctional officer’s physical conduct (force) used must be objectively unreasonable under the circumstances. So, if the conduct (force) is not outside of the borders of objectively reasonable conduct given the circumstances, the prisoner’s Eighth Amendment right would not be violated no matter what the particular officer’s subjective state of mind might be. Put differently, the constitutional tort — I suspect — requires objectively unreasonable action (force) plus a subjective, bad faith motive or intent to cause unnecessary suffering. If the officer’s act in applying force is objectively reasonable, no need would exist to consider state of mind.
Because I am inclined to believe an Eighth Amendment violation based on excessive force requires objectively unreasonable force, I expect that the defense of qualified immunity can apply in cases based on Eighth Amendment excessive force claims. If the force used was not force that the preexisting law had clearly established to be unreasonable given the circumstances, the defendant correctional officer seemingly should be entitled to the defense of qualified immunity on that account. After all, qualified immunity is available in most constitutional torts, including other kinds of excessive force cases.
*1275 Correctional officers are due considerable deference in how they deal with violent inmates. Our Circuit’s law makes it too hard for correctional officers — who have a tough (at times, dangerous) job and are surrounded by hostile witnesses — to avoid suit and trial because our law focuses on the particular correctional officers’ subjective motive or intent. I stress that I do not believe that the Supreme Court’s decisions compel our Circuit’s law to be as it seems to be now.
The question I raise here was not briefed in this case. I am also uncertain that, if the Circuit’s law operated in the way that I think is likely more correct, the result for this appeal would be different on the excessive force claim. Therefore, I see no point in elaborating or sharpening or finalizing my views at this time; it seems prudent to wait for a case where we have pertinent briefing and where the outcome would doubtlessly be impacted and then to test in that context the ideas advanced for consideration today. But I do hope that this Court and the Bar will keep the ideas that I have raised today under active review. In some cases, I am pretty sure the outcome would be affected if the law of excessive force under the Eighth Amendment was set out differently than we seem to do now, that is, if we took a tack giving real attention to an objective element (unreasonable force) as well as the subjective mental element.